[Crim. No. 4979. Second Dist., Div. One. Aug. 18, 1953.]

THE PEOPLE, Respondent, v. THELMA M. BURROWS, Appellant.

Rafter & Fredricks, Hamilton & Perry and Thomas W. Fredricks for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was accused of arson and following a trial by the court without a jury was adjudged guilty.

Briefly, the record reveals that the property burned was the home of defendant. Appellant's brief recites that, "Mrs. Burrows was the sole owner of the real property located at 2019 Waltonia Drive. She was separated from her husband, and had signed a property agreement giving her this piece of property. The property was purchased in 1948 for $11,000.00. It was insured for only $8,000.00." There were two insurance policies on the personal property of $5,000 each. It appears that defendant who was home when the fire started, which was between 2 and 4 a. m., did not call the fire department but drove to the sheriff's office, some distance

away and notified the deputy. Meanwhile, the neighbors had 'phoned the fire department.

■ It appears from the record that the fire had started in three different points, one in the living door, one in the doorway leading to the middle bedroom from the hall, and the other on the kitchen floor at the back of the house. As recited in respondent's brief, ''The floor was burned completely through at each of the points of origin. Captain Bittle saw burned and charred paper debris around the hole in the living room. Sergeant Hatcher observed those papers, and also found charred paper debris in the bottom of all three holes. Both the captain and the sergeant were of the opinion that the fire in the living room had started first. Sergeant Hatcher believed that it had been burning for about two hours, and not less than an hour and a half, before it was extinguished. There was evidence that it was extinguished shortly after the firemen arrived at 4:13 a. m., which would place the time when Sergeant Hatcher believed it had started at some time from shortly after 2:13 a. m. to some time shortly after 2:43 a. m.''

Defendant's automobile contained numerous personal effects and records.

The foregoing is not a complete summary of the evidence but a substantial outline.

Appellant's brief recites, ''a resume of the prosecution's case would show the basis of their case to be on the following facts:

''First: There was a fire, which in the opinion of their witnesses, was incendiary in nature because there were three alleged origin points;

''Second: There was insurance on the premises in the amount of $8,000.00, and two $5,000.00 insurance policies on the personal property with the Farmer's Fire Exchange;

''Third: The behavior of the defendant at the time, or shortly after, the fire started. This would seem to be that she did not telephone the fire department right away; that she had some personal articles in her car, and in her purse was a partial list of the furnishings in the house.''

Respondent's argument, which is amply supported by the record, is as follows:

''We submit that from the above evidence it could reasonably be found that there were three separate fires in the house, and charred papers in the holes created by each; that the fires were started by igniting papers on the floor and were

incendiary in nature; that one of the fires had burned for an hour and a half or two hours before it was extinguished; and that much of the household and personal furnishings had been removed from the house on that night before the fire. We submit further, that such facts amply justify an inference that the fire was incendiary, and was neither accidental nor natural. From them the trier of fact could reasonably infer that the fire was wilfully and maliciously set for purpose of burning the house. Clearly, therefore, the corpus delicti of the crime was sufficiently established here.

. . . . . . . . . . . . .

"Thus, to identify the appellant as the perpetrator of the crime, and to support the evidence of the corpus delicti already established, we have evidence not only of her motive and conduct which tended to connect her with the crime, but also her inconsistent statements showing a consciousness of guilt."

For the foregoing reasons, the judgment is affirmed.

White, P. J., and Scott (Robert H.), J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1953.